**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| | ) Case No. 03-CV-0302-CVE-PJC |
| | )<br>) |
| **EDDY L. PATTERSON,** | )<br>) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is the motion for partial summary judgment filed by plaintiff, the Securities and Exchange Commission ("SEC") (Dkt. # 29). The SEC moves for partial summary judgment on its claims of securities fraud against defendant, Eddy L. Patterson, and seeks an injunction permanently enjoining Patterson from future violations of certain provisions of the Securities Exchange Act of 1934 ("the Exchange Act") and from serving as an officer or director of certain qualified issuers of securities.

**I.**

In April 2003, Patterson was charged in a twenty-seven count criminal indictment with, inter alia, multiple counts of securities fraud. The indictment alleged that Patterson, while serving as chairman and chief executive officer of National Environmental Service Company ("NESCO"), a publicly traded company, caused the creation of false invoices and the inclusion of information from those falsified documents in NESCO's financial reports submitted to an external auditor and forms submitted to the SEC. A jury found Peterson guilty of all of the securities fraud charges, and the Court entered judgment against defendant on August 8, 2005. He is currently serving a term of incarceration.

The SEC filed this civil action in May 2003 based upon the same fraudulent activities for which defendant was indicted. The complaint charges Patterson with violations of and aiding and abetting in violation of: (1) Section 10(b) of the Exchange Act and Rule 10b-5; (2) Section 13(b)(5) of the Exchange Act and Rule 13b2-1; (3) Exchange Act Rule 13b2-2; (4) Section 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 13a-1, 13a-13 and 12b-20; and (5) Section 13(b)(2) of the Exchange Act. The SEC moves for partial summary judgment, arguing that Patterson is barred by the doctrine of collateral estoppel from contesting the allegations contained in the SEC's civil complaint, since they arise from the same body of conduct for which Patterson was convicted in the criminal proceeding.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is,

if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994)

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

Since defendant has not responded to plaintiff's motion for summary judgment, he has confessed all facts asserted therein. Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002). The Court must still evaluate plaintiff's motion, however, to determine if plaintiff has met its preliminary burden of demonstrating that no genuine issue of material fact still remains for trial and that it is entitled to judgment as a matter of law. Id. If plainitff has not met this burden, summary judgment is not appropriate, for "no defense to an insufficient showing is required." Id.

### III.

> It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding. . . . Such estoppel extends only to questions distinctly put in issue and directly determined in the

3

>criminal prosecution. . . . In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment.

Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568 (1951) (internal quotation marks and citations omitted). A successful claim of collateral estoppel requires a showing of four elements: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been fully adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. Adams v. Kinder-Morgan, Inc., 340 F.3d 1083, 1093 (10th Cir. 2003); United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir. 1992). Only the first requirement is an issue in this matter.

In order to find Patterson guilty of each of the securities violations charged in the criminal action, the jury must have determined the following factual issues in the government's favor: (1) Patterson caused the entry into NESCO's company records of twenty eight false invoices, totaling $2,253,986 in the fourth quarter of 2000, and one invoice totaling $183,385 in the first quarter of 2001, knowing that the invoices were false; (2) Patterson willfully made, or caused to be made, materially false of misleading statements, that is, the amounts contained in the falsified invoices, in connection with the preparation or filing with the SEC of NESCO's Form 10-KSB for fiscal year 2000 and Form 10-QSB for the first quarter of 2001; (3) Patterson, twice, falsely attested to the accuracy of the information contained in NESCO's internal financial records, including the falsified invoices, provided to NESCO's external auditor in the course of its fiscal year 2000 audit of NESCO and falsely certified that no material information had been misstated or omitted.

A review of the SEC's civil complaint against Patterson reveals that all five claims therein flow from the same course of illegal conduct for which Patterson has already been adjudged guilty. The question of defendant's liability for those acts has already been fully resolved on the merits. Because the sole issues of importance in this pending civil matter have already been conclusively determined by a jury, collateral estoppel bars the relitigation of those issues by Patterson, and partial summary judgment is appropriate.

## IV.

The SEC seeks relief in the form of a permanent injunction prohibiting Patterson from committing further violations of the securities laws and from serving as an officer or a director.

Section 21(d)(3) of the Exchange Act permits the issuance of an injunction if the SEC demonstrates "a reasonable and substantial likelihood that the defendant, if not enjoined, will violate securities laws in the future." S.E.C. v. Pros Int'l, Inc., 994 F.2d 767, 769 (10th Cir. 1993) (citing 15 U.S.C. § 78u(d)(1)). Among the factors to be considered in determining the likelihood of future violations are: the seriousness of the initial violation; the degree of scienter; whether defendant's occupation will present opportunities for future violations; and whether defendant has recognized his wrongful conduct and gives sincere assurances against future violations. Id. The degree of scienter "bears heavily" on the determination. Id.

Patterson engaged in serious violations of the federal securities laws, misrepresenting the nature of NESCO's financial condition to investors, the SEC, and accountants charged with verifying the accuracy of NESCO's financial statements. These acts were carried out knowingly and willfully. Moreover, there is no evidence that Patterson has offered any assurance that he will not commit further violations. Although Patterson's extended term of incarceration

effectively eliminates the likelihood of any imminent violations, the weight of the other factors convinces the Court that injunctive relief is appropriate.

The Exchange Act further empowers courts to prohibit individuals found to have violated the federal securities laws from serving as officers and directors of any issuer of certain registered securities if the person's conduct "demonstrates unfitness to serve as an officer or director of any such issuer." 15 U.S.C. § 78u(d)(2). An individual's potential unfitness is assessed by reference to a number of factors, including, the egregiousness of the underlying securities law violation; the defendant's repeat offender status; the defendant's role or position when he engaged in the fraud; the defendant's degree of scienter; and defendant's economic stake in the violation; and the likelihood the misconduct will occur. S.E.C. v. Intelliquis Int'l, Inc., No. 2:02-CV-674 PGC, 2003 WL 23356426, at *19 (D. Utah Dec. 11, 2003).

The Court has addressed many of these factors in addressing the propriety of an injunction barring further violations of the securities laws. While chairman and chief executive officer at NESCO, Patterson knowingly engaged in serious violations of the federal securities laws, causing the generation of falsified invoices and the misrepresentation of NESCO's financial condition. Patterson's actions sufficiently demonstrate his unfitness to occupy such a position of responsibility and warrant injunctive relief.

**V.**

**IT IS THEREFORE ORDERED** that the SEC's motion for partial summary judgment (Dkt. # 29) is hereby **granted**. A separate Partial Judgment and Permanent Injunction is entered herewith.

**DATED** this 23rd day of March, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6